IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

```
TERRY GANNON,                  )
                               )
     Plaintiff,                )
                               )
v.                             )    Case No.  3:10-0847
                               )
CANNON COUNTY, TENNESSEE,      )    Judge Nixon
BOARD OF EDUCATION,            )    Magistrate Judge Knowles
                               )
     Defendant.                )
```

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d), the parties hereby submit this proposed initial case management order.

A. ~~Jurisdiction and Venue~~

This Court has jurisdiction over Plaintiff's federal claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331. Plaintiff's cause of action under the Family and Medical Leave Act ("FMLA") arises under 29 U.S.C. § 2611, et seq. Plaintiff's Americans with Disabilities Act claim arises under 42 U.S.C. § 12101, et seq. Plaintiff also asserts state law claims for disability discrimination. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367.

The acts and omissions giving rise to this action occurred in Cannon County, Tennessee, within this judicial district. Accordingly, this Court has venue pursuant to 28 U.S.C. § 1391(b).

B.  Theories of the case

1.  Plaintiff's Theory

Defendant, Plaintiff's employer, violated 29 U.S.C. § 2617 by terminating Plaintiff unlawfully due to his use of or need for FMLA-protected leave.

Defendant violated the Americans with Disabilities Act and Tennessee Handicap Act by taking an adverse employment action against Plaintiff because of or due to her disease. Defendant viewed or perceived Plaintiff as disabled or handicapped due to Plaintiff's disease.

2.  Defendant's Theory

Defendant denies that it in anyway discriminated against the Plaintiff in violation of any state or federal law as alleged in the complaint and further denies that the Plaintiff was discharged or constructively discharged. Plaintiff failed to comply with the requirements of the action plan that was put in place for him by the Director of Schools and as a result of this his contract as a principal was not renewed.  His decision to retire came two years after he was reassigned back to the classroom and more than a year after the Director who reassigned him moved to a different school system.

Plaintiff's claims are barred in whole or in part by the statute of limitations.

C.  Issues Resolved and in Dispute

All issues as to liability and damages remain in dispute.

D.  The Need for Additional Claims or Parties

Out of an abundance of caution, Plaintiff filed an additional charge with the EEOC raising the issue of his constructive termination, related to the prior acts of his discrimination. Plaintiff is awaiting a right-to-sue letter to bolster that claim. It is believed that the EEOC will expedite the issuance of such.

The parties do not anticipate the addition of any additional parties.

Any motion to amend the pleadings shall be filed by February 18, 2011.

E.  Discovery

1.  Mandatory initial disclosures shall be made by November 16, 2010.

2.  The parties shall complete all written discovery and depose all fact witnesses on or before August 1, 2011. **The deadline for filing discovery-related motions on fact discovery is August 8, 2011.**

3.  In the event that expert testimony is necessary, the plaintiff shall identify and disclose all expert witnesses and expert reports on or before April 25, 2011. The defendant shall identify and disclose all expert

witnesses and expert reports on or before May 25, 2011. Discovery relating to experts shall be complete by August 29, 2011.

> F. Dispositive Motions

All dispositive motions shall be filed by September 15, 2011. Responses to dispositive motions shall be filed within thirty (30) days after service of the motion. Optional replies shall be filed within ten (10) days after service of the response.

> G. Alternative Dispute Resolution

At this time, the parties have not agreed on any mechanisms for alternative dispute resolution.

> H. Settlement

No settlement negotiations have taken place.

> I. Anticipated Length of Trial

The parties anticipate that the trial will last four days. This case is set for jury trial on March 20, 2012, at 9:00 a.m. before the Honorable John T. Nixon. The pretrial conference is set for March 9, 2012, at 10:00 a.m.

SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE