IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TERRY GANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-00847 |
| v. ) | Judge Nixon |
| ) | Magistrate Judge Knowles |
| CANNON COUNTY, TENNESSEE, ) | |
| BOARD OF EDUCATION, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## ORDER

This matter is set for a jury trial on **TUESDAY, MARCH 20, 2012, at 9:00 a.m.** The Pretrial Conference is set on **FRIDAY, MARCH 9, 2012, at 10:00 a.m.**

Counsel for the parties shall confer an attempt to prepare a joint pretrial order to be submitted to the Court on or before noon on **March 8, 2012**. The pretrial order shall contain the following:

1. A recitation that the pleadings are amended to conform to the pretrial order and that the order supplants the original pretrial order;

2. A short summary of plaintiff's theories (no more than one page);

3. A short summary of defendant's theories (no more than one page);

4. A statement of the issues, including a designation of which issues are for the jury and which are for the Court;

5. A succinct statement of the relief sought;

6. Any special trial procedural issues;

7. A summary of any anticipated evidentiary issues;

1

8. A statement that counsel have complied with the requirements of the Local Rules of Court and Rule 26 of the Federal Rules of Civil Procedure regarding discovery and disclosure. This Court does not require compliance with Local Rule 39.01(c)(6)c;

9. An estimate of the anticipated length of trial.

Pretrial briefs, stipulations, exhibit lists, witness lists, motions in limine, the original of all depositions that are to be introduced as evidence, objections to any depositions or exhibits which are expected to be offered into evidence, and requests for jury instructions or special verdict forms shall be filed electronically no later than 12 noon on **March 13, 2012**.

The pretrial briefs shall contain the following:

1. A concise statement of the facts;
2. A concise statement of the issues;
3. A statement of the propositions of law upon which counsel relies, together with citations of authorities in support thereof;
4. Those evidentiary rulings counsel anticipates may arise and the legal authorities counsel relies upon in support of his or her contention; and,
5. What damages are recoverable in this action, and (where applicable) a proposed method for reducing future damages to present value.

Counsel shall attempt in good faith to stipulate the authenticity of trial exhibits. Objections as to authenticity shall be resolved at the pretrial conference. Objections as to admissibility and relevancy may be reserved until the time of trial or addressed by pretrial motions in limine.

Counsel shall stipulate any matters as to which there is no genuine issue or which counsel does not intend to contest. Any requested stipulations not agreed to shall be resolved at the

pretrial conference. It shall be the responsibility of plaintiff's counsel to produce a written copy of all stipulations and to file same.

Proposed jury instructions and verdict forms shall be filed electronically. Counsel shall confer regarding proposed jury instructions on the substantive law of this case, and jointly prepare and file a set of agreed, proposed instructions and verdict forms. Each proposed jury instruction shall begin on a new page and shall include citations to supporting authorities. Counsel may file separately any disputed jury instructions or verdict forms.

It is so ORDERED.

This the 15th day of February, 2012.

_____
SENIOR JUDGE JOHN T. NIXON
UNITED STATES DISTRICT COURT